COURT OF APPEALS
DECISION
DATED AND FILED

October 21, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP491**

Cir. Ct. No. **2020TR439**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

IN THE MATTER OF THE REFUSAL OF KELLY L. SPRINGER:

WASHINGTON COUNTY,

    PLAINTIFF-RESPONDENT,

  V.

KELLY L. SPRINGER,

    DEFENDANT-APPELLANT.

---

        APPEAL from an order of the circuit court for Washington County:
JAMES K. MUEHLBAUER, Judge. *Affirmed*.

¶1    NEUBAUER, C.J.[1]  Kelly L. Springer appeals from an order finding he unlawfully refused to submit to an implied consent test after he was arrested for operating a motor vehicle while intoxicated (OWI).  Because we conclude his refusal was unlawful, we affirm.

## BACKGROUND

¶2    At around 7:43 p.m. on January 30, 2020, Washington County Sheriff's Deputy Thomas Boisvert initiated a traffic stop after observing a vehicle on Highway 45 weaving in and out of the left and right lanes without signaling, crossing over the center line, and crossing over solid white lines relating to an exit ramp.

¶3    When he approached the vehicle, Boisvert knocked on the window two times before the single occupant, Springer, responded.  When talking to the officer, Springer took a long time to answer his questions and fumbled around looking for his insurance card, which he did not find.  Springer admitted to having "several beers or a couple beers."  Boisvert requested that Springer submit to standardized field sobriety tests (FSTs), which indicated that Springer's ability to operate a vehicle was impaired.

¶4    After the FSTs, Boisvert had Springer perform a preliminary breath test (PBT), which showed a .18% blood alcohol content.  Boisvert arrested Springer for operating while impaired.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶5      Boisvert then read the Informing the Accused form to Springer. Before reading the form, Boisvert advised Springer that he would be reading the text to him verbatim, that he could not deviate from the text, and then he would ask Springer a question with a yes or no answer. Springer stated that he understood. Boisvert initialed each section of the form as he read it to Springer.

¶6      After the officer finished reading the form to Springer verbatim, he asked Springer if he would "submit to an evidentiary chemical test of his breath." Springer remained silent and never answered the question, after a pause of about five to ten seconds Boisvert repeated the question.

¶7      The officer believed that he repeated the question six to seven times to Springer, pausing for five to ten seconds in between each reading. After the last time Boisvert asked the question, Springer responded, "I already gave you my test." Boisvert marked "No" on the Informing the Accused form and provided a copy to Springer along with a notice of intent to revoke operating privilege form and a citation for OWI.

¶8      Springer was charged with OWI under WIS. STAT. § 346.63(1)(a) and unlawfully refusing to submit to an implied consent test, contrary to WIS. STAT. § 343.305(9)(a). Springer requested a refusal hearing, contending that he did not unlawfully refuse because he was confused. The court rejected his arguments and ordered Springer's operating privilege revoked for one year. Springer appeals.

**DISCUSSION**

*Standard of Review*

¶9     The application of the implied consent law to an undisputed set of facts is a question this court reviews de novo.  ***State v. Rydeski***, 214 Wis. 2d 101, 106, 571 N.W.2d 417 (Ct. App. 1997).

*The Implied Consent Law*

¶10     Springer was charged with an unlawful refusal to submit to an implied consent test under Wisconsin's implied consent law.  WIS. STAT. § 343.305.  The law aims to help law enforcement secure evidence of intoxication or controlled substances by persuading drivers to consent to a chemical test by leveling a penalty on those who refuse.  *See **State v. Zielke***, 137 Wis. 2d 39, 41, 403 N.W.2d 427 (1987); § 343.305(2), (3), (9).  The law provides in pertinent part: "Upon arrest of a person for [OWI], a law enforcement officer may request the person to provide one or more samples of his or her breath, blood or urine for the purpose [of determining the quantity of alcohol or controlled substances]." Sec. 343.305(3)(a).  When the officer requests the test, the officer must read the Informing the Accused form, a script that the legislature requires the requesting officer to read to the accused, which explains that, if the driver refuses to take the test, there will be penalties.[2]  Sec. 343.305(4).

---

[2]  The Informing the Accused form read to Springer stated as follows:

> Under Wisconsin's Implied Consent Law, I am required to read this notice to you:

(continued)

¶11 The refusal to submit to a chemical test for intoxication can only result in the revocation of the defendant's operating privileges if the person was adequately informed of his or her rights prior to the refusal. ***Washburn County v. Smith***, 2008 WI 23, ¶51, 308 Wis. 2d 65, 746 N.W.2d 243. A court is required to

---

You have either been arrested for an offense that involves driving or operating a motor vehicle while under the influence of alcohol or drugs, or both, or you are the operator of a vehicle that was involved in an accident that caused the death of, great bodily harm to, or substantial bodily harm to a person, or you are suspected of driving or being on duty time with respect to a commercial motor vehicle after consuming an intoxicating beverage.

This law enforcement agency now wants to test one or more samples of your breath, blood or urine to determine the concentration of alcohol or drugs in your system. If any test shows more alcohol in your system than the law permits while driving, your operating privilege will be suspended. If you refuse to take any test that this agency requests, your operating privilege will be revoked and you will be subject to other penalties. The test results or the fact that you refused testing can be used against you in court.

If you take all the requested tests, you may choose to take further tests. You may take the alternative test that this law enforcement agency provides free of charge. You also may have a test conducted by a qualified person of your choice at your expense. You, however, will have to make your own arrangements for that test.

If you have a commercial driver license or were operating a commercial motor vehicle, other consequences may result from positive test results or from refusing testing, such as being placed out of service or disqualified.

In addition, your operating privileges will also be suspended if a detectable amount of a restricted controlled substance is in your blood.

The next line on the form states: "Will you submit to an evidentiary chemical test of your _____?" Boisvert handwrote "BREATH" in the blank space.

revoke the person's operating privilege when there is an unlawful refusal. WIS. STAT. § 343.305(9)(d), (10).

*Springer Unlawfully Refused to Submit to the Implied Consent Test*

¶12    Springer contends that he lawfully refused to submit to a chemical evidentiary test. He argues that the officer did not provide him with sufficient time to make a decision about whether to submit to an implied consent test. He also asserts that he was confused, and the officer should have informed him that the PBT to which he earlier submitted was not an implied consent test.[3] We reject Springer's challenge.

¶13    Springer first argues that the officer did not provide him with enough time to make a decision about whether to take the test. "The obligation of the accused is to take the test promptly or to refuse it promptly." *State v. Nietzel*, 95 Wis. 2d 191, 205, 289 N.W.2d 828 (1980). The officer has no obligation to renew the offer. *Id.* A verbal refusal is not required and the conduct of the accused may constitute a refusal. *Rydeski*, 214 Wis. 2d at 106.

¶14    *Rydeski* provides helpful guidance. Rydeski initially agreed to take the breath test but then insisted on using the restroom alone. *Id.* at 104-05, 107. The officer advised that Rydeski could wait or use the restroom under supervision. *Id.* at 104. The officer then asked Rydeski at least five times to submit to the test. *Id.* at 105. The court held that Rydeski refused to take the test and his actions

---

[3] Springer does not challenge the stop, his arrest for OWI, the accuracy or completeness of the statutorily required information read to him, or that the PBT is not one of the chemical evidentiary tests required under the implied consent law.

amounted to a refusal.  *Id.*  Once a person has been properly informed, he or she "must promptly submit or refuse to submit to the requested test." *Id.* at 109.

¶15     Here, the officer read the Informing the Accused form to Springer and then asked him to submit to an evidentiary chemical test.  The officer waited five to ten seconds between each of the six to seven times he asked Springer the question.  We agree with the circuit court that the officer gave Springer sufficient time to provide a prompt response, and after Springer failed to answer yes or no, the officer properly took Springer's response as a refusal.

¶16     Springer's argument that the officer was required to clear up Springer's alleged confusion also fails.  For guidance here, where the officer read the form verbatim, we turn to the court's discussion of the adequacy of the information provided under the implied consent law in *County of Ozaukee v. Quelle*, 198 Wis. 2d 269, 280, 542 N.W.2d 196 (Ct. App. 1995), *abrogated on other grounds by Washburn Cnty.*, 308 Wis. 2d 65, ¶¶56-57.

¶17     In *Quelle*, after Quelle was charged with OWI, the officer read the implied consent form to her, she read the form herself, and the officer attempted to explain paragraphs Quelle allegedly was confused about.  *Quelle*, 198 Wis. 2d at 274.  Quelle argued that the officer was required to cure her confusion.  *Id.* at 284.  The court rejected this argument, holding that the officer had no duty to explain the form, and that Quelle's confusion about the implied consent law arose from her inability to understand the form, not the officer's additional explanation.  *Id.* at 285.

¶18     Notably, the court squarely rejected Quelle's contention that she was entitled to a defense of confusion because the officer was required to provide further explanation.  The court explained that an opposite result would contradict

7

the legislature's conclusion that the oral delivery of information through WIS. STAT. § 343.305(4) provides appropriate protection for the accused drunk driver. *Quelle*, 198 Wis. 2d at 281. To hold otherwise would open a "Pandora's box" as a decision as to "whether the officer should have aided the confused driver could be litigated *in absurdum*." *Id.* Thus, the court conclusively held that an officer's duty under the implied consent law is to deliver the relevant statutorily required information accurately to the driver. *Id.* at 285. An officer is under no duty to explain the choices or the consequences to the driver. *Id.*[4]

¶19 Here, the information provided to Springer was proper. The officer read the Informing the Accused form verbatim to Springer, and Springer does not contend otherwise. The officer did not supply any additional information. Thus, there is no contention that the information provided was misleading. The officer properly informed Springer when he read the form verbatim and repeated the question asking him to submit to an evidentiary chemical test six to seven times.

¶20 As *Quelle* makes clear, the officer was not required to address Springer's alleged confusion that the PBT satisfied his obligation to submit to a chemical test. Again, an officer does not have a duty to explain or do more than

---

[4] In *County of Ozaukee v. Quelle*, 198 Wis. 2d 269, 542 N.W.2d 196 (Ct. App. 1995), *abrogated on other grounds by* **Washburn County v. Smith**, 2008 WI 23, 308 Wis. 2d 65, 746 N.W.2d 243, the court set forth a test addressing situations not applicable here, where the officer has not met or exceeded his or her duty under WIS. STAT. § 343.305(4) to provide information to the accused driver. Subsequent cases have applied, distinguished, or modified the *Quelle* test where the law enforcement officer provided (1) all the statutorily required information but then provided more, or (2) less information, or (3) some information that was inaccurate but inapplicable to the driver's particular situation and need to make an informed choice. None of those situations or cases are at issue here, as Springer does not challenge the accuracy or completeness of the form he was read.

read the form containing the statutorily required information that Springer needed to make an informed choice. *Id.* at 285.

¶21 Because the officer gave Springer sufficient time for a response and was not required to address Springer's response, the circuit court properly concluded that Springer's refusal was unlawful, and thus, we affirm the order revoking his operating privilege.

*By the Court*.—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.